IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-96-00399 |
| DANIEL HILL, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

Now pending before the Court is Defendant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. (ECF No. 605.) In 1998, Defendant was convicted of three counts: conspiracy to distribute crack cocaine and heroin in violation of 21 U.S.C. § 846 (Count One), distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count Four), and distribution of crack cocaine within one thousand feet of real property comprising a playground and school in violation of 21 U.S.C. § 860 (Count Five). Defendant now seeks a sentence reduction on Counts One and Five under the First Step Act.[1] (ECF No. 605.) The Government opposes the motion. (ECF No. 614.) The Court has carefully reviewed the submissions of both sides and the entire record. Defendant is eligible to be considered for relief under the First Step Act. (ECF No. 621); *see also United States v. Gravatt*, 953 F.3d 258, 263-64 (4th Cir. 2020). The question now is whether a sentence reduction is appropriate.

First, the Court considers how the Federal Sentencing Guidelines apply. The parties dispute if and how intervening case law affects Defendant's guidelines calculation—specifically

---

[1] Defendant does not seek a sentence reduction on Count Four, which carries a maximum term of imprisonment of 20 years and is running concurrent to the sentences imposed on the other counts. (ECF No. 628 at 2.)

1

if and how *Apprendi v. New Jersey*, 530 U.S. 466 (2000), affects the calculation. For the purposes of this case only, the Court finds *Apprendi* does not affect the guidelines.[2] The Court adopts the Government's position that the applicable statutory maximum with respect to Counts One and Five is 40 years and the sentencing guideline for murder applies under U.S.S.G. § 2A1.1. The Court also concludes that the murder guideline is capped by U.S.S.G. § 5G1.1(a). This results in a guidelines sentence of 480 months on both Counts One and Five.

However, in calculating a sentence reduction, the Court has the authority and responsibility to apply all of the 18 U.S.C. § 3553(a) factors. First, considering the "history and characteristics" of Defendant, the Court finds Defendant has four prior convictions: one for misdemeanor battery and three involving drug offenses. (PSR ¶¶ 27–29.) None of these offenses involved the use or possession of a weapon. As for the "nature and circumstances" of the offense, Defendant played a leadership role in a conspiracy that distributed significant quantities of cocaine and heroin. The conspiracy also involved violence, including a murder committed by one of Defendant's co-conspirators that was foreseeable to Defendant. *United States v. Holland*, 59 F. Supp. 2d 492, 537 (D. Md. 1998). Considering the "seriousness of the offense," the Court finds this case is unquestionably serious by virtue of the violence and quantity of drugs associated with the conspiracy.

As for the need for "adequate deterrence," a substantial term of incarceration is warranted to dissuade Defendant and others from this sort of serious misconduct in the future. The Court

---

[2] Although the Court concluded in its prior opinion that it could not ignore *Apprendi* in determining First Step Act eligibility, the Court did not specifically address if or how *Apprendi* would affect Defendant's guidelines. The Court finds Defendant's argument as to why *Apprendi* affects the guidelines persuasive. However, the Court declines at this stage to make any broader holdings about the applicability of *Apprendi* or other intervening law in determining the appropriate guidelines in First Step Act proceedings.

also finds that the need to "protect the public" is a significant factor in this sentence because of the violence and the quantity of drugs involved in the conspiracy.

Regarding the "need to avoid unwarranted sentencing disparities" among defendants with similar records and culpability, the Court has carefully considered the penalties imposed on others with similar records in similar and dissimilar cases. The Court notes that Defendant received a significantly longer sentence than most of his co-conspirators. (ECF No. 605 at 6–7.) "Training and treatment" is not a significant factor in this sentencing decision.

As for Defendant's post-sentencing conduct, the Court agrees with the parties that Defendant's conduct has been "excellent": he has not obtained any disciplinary infractions in the 23 years he has been incarcerated, he has completed a myriad of vocational programs, he has obtained strong performance reviews from his supervisors, and has served as a valuable member of the prison's suicide watch program. (ECF No. 605 at 22–25; ECF No. 626 at 4 n.2.)

Taking under advisement the Federal Sentencing Guidelines, the Court has concluded that a guidelines sentence for both Counts One and Five is 480 months. The Court finds this significantly overstates the culpability of this Defendant and is not appropriate in light of Defendant's post-sentencing conduct.

Application of all relevant considerations, including the § 3553(a) factors as referenced above, causes the Court to conclude that there should be a sentence reduction on Counts One and Five and that the sentence that is sufficient but not more than necessary on each count is 330 months of incarceration, to be followed by five years on supervised release. These sentences are to run concurrently. All other terms of the sentence imposed not altered by this memorandum remain in full force and effect and will be reflected in the amended judgment and commitment order. This is a variant sentence under 18 U.S.C. § 3553, and it is the sentence the Court deems

appropriate regardless of the exact computation of the guidelines at this late stage. To be clear, even if the guidelines were computed differently in this case, the sentence would nonetheless be 330 months for both Counts One and Five.[3]

Therefore, the Motion for Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act (ECF No. 605) is GRANTED to the extent described above.

DATED this 26th day of April, 2020.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge

---

[3] In his final brief, Defendant cites the prevalence of Covid-19 as a reason for resolving his First Step Action motion expeditiously. (ECF No. 630 at 2.) It does not appear, however, that Defendant contends the prevalence of the virus is itself a reason to reduce his sentence. Even if Defendant did argue this, the Court would nevertheless conclude that a sentence of 330 months is the appropriate sentence in this case.